En el Tribunal Supremo de Puerto Rico

| PUERTO RICO TELEPHONE CO. Recurridos .V HERMANDAD INDEPENDIENTE DE EMPLEADOS TELEFONICOS (HIETEL) Y OTROS Peticionarios | MISCELANEO 98TSPR78 |
|---|---|

Número del Caso: MC-98-16

Abogados Parte Demandante: LIC. DENIS MARQUEZ LEBRON
(MARQUEZ & TORRES)

LIC. JOSE JUAN NAZARIO DE LA ROSA
(NAZARIO & SANTIAGO)

Abogados Parte Demandada: LIC. HOWARD PRAVDA
(GOLDMAN ANTONETTI & CORDOVA)

LIC. JAIME CRUZ ALVAREZ

Abogados Parte Interventora:

Tribunal de Instancia: Superior, Bayamón

Juez del Tribunal de Primera Instancia: Hon. Luis G. Quiñones Martínez

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 6/23/1998

Materia: Entredicho Provisional, Injunction Preliminar e Injunction Permanente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Puerto Rico Telephone Co.

v.                                  MC-98-16

Hermandad Independiente de
Empleados Telefónicos (HIETEL)
y otros

RESOLUCION

San Juan, Puerto Rico a 23 de junio de 1998

El Representante por Acumulación Hon. Víctor García San Inocencio,[1] ha presentado a este Foro un escrito titulado "Moción en Auxilio de Jurisdicción y al Amparo de la Regla 50 del Tribunal Supremo de Puerto Rico". Invoca las Reglas 28 y 50 del Reglamento del Tribunal Supremo de Puerto Rico para exhortarnos a asumir jurisdicción en la controversia que el referido escrito plantea.

Un examen del artículo 3.002 de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, nos convence de que este Tribunal no tiene autoridad para conocer del mencionado escrito.

---

[1] Cabe señalar que aunque el Representante, Hon. Víctor García San Inocencio no fue incluido entre los demandados, éste entiende que forma parte de la demanda bajo la denominación de Fulano de Tal y Mengano. Habiendo este Tribunal resuelto que carece de jurisdicción para entender en este asunto no tenemos que entrar a determinar si el señor San Inocencio es o no parte con derecho a solicitar la revisión de la orden de entredicho provisional.

La Regla 28(a) de nuestro Reglamento dispone que este Tribunal "podrá expedir una orden provisional en auxilio de nuestra jurisdicción cuando fuere necesario hacer efectiva su jurisdicción en un asunto pendiente ante su consideración". (Subrayado nuestro). En igual término está redactado el segundo párrafo del mencionado inciso. Por tanto, la emisión de una orden de entredicho provisional en auxilio de nuestra jurisdicción presupone que existe un recurso presentado o pendiente de consideración por este Tribunal. Igualmente, la referida orden de entredicho provisional tiene el propósito de evitar alguna consecuencia adversa que afecte nuestra jurisdicción. Por tanto, careciendo este Tribunal de jurisdicción para considerar el asunto planteado en el mencionado escrito, y no existiendo recurso otro alguno pendiente ante la consideración de este Foro respecto al mencionado asunto, no existe jurisdicción que debamos proteger. El recurrente, Sr. San Inocencio, también se basa en la Regla 50 del Reglamento de este Tribunal a los fines de invocar nuestra jurisdicción sobre el asunto planteado. Dicha Regla dispone que "en situaciones no previstas por este Reglamento, el Tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes". (Enfasis suplido). Por sus propios términos dicha Regla se refiere al trámite que se da a un recurso presentado previamente, en cuyo caso queda siempre reservada la facultad del Tribunal para prescindir de términos, escritos o procedimientos específicos a los fines de lograr el más justo y eficiente despacho del caso o del asunto de que se trate. No existiendo caso alguno pendiente ante la consideración de este Tribunal, no es aplicable la mencionada Regla a los fines de poder asumir jurisdicción sobre el asunto objeto del mencionado escrito.

Por todo lo cual se desestima la referida "Moción en Auxilio de Jurisdicción y al Amparo de la Regla 50 del Tribunal Supremo de Puerto Rico" por carecer de jurisdicción este Tribunal para entender en el asunto planteado. Esta resolución no impide que la parte promovente acuda al foro apropiado.

Notifíquese por teléfono y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió voto explicativo al cual se une el Juez Presidente, señor Andréu García y la Juez Asociada señora Naveira de Rodón.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

PUERTO RICO TELEPHONE CO.

       vs.                  MC-98-16

HERMANDAD INDEPENDIENTE DE
EMPLEADOS TELEFONICOS (HIETEL)
Y OTROS

Voto explicativo emitido por el Juez Asociado señor FUSTER BERLINGERI, al cual se unen el Juez Presidente señor Andréu García y la Juez Asociada señora Naveira de Rodón.

San Juan, Puerto Rico, a 23 de junio de 1998.

Es con mucho pesar que debo concurrir con la Resolución del Tribunal a los efectos de que este Foro carece de jurisdicción <u>en este momento</u> para atender los planteamientos que se nos han formulado en el caso de epígrafe. Somos el Tribunal de más alta jerarquía que existe en el país y por ello tenemos la obligación insoslayable de cumplir con las leyes que rigen en Puerto Rico, sobre todo las que regulan nuestros propios procedimientos, aunque éstas no sean las más acertadas o atinadas.

Antes de la llamada "Reforma Judicial" de 1994, este Tribunal tenía jurisdicción para considerar <u>en</u>

apelación una sentencia final dictada por el Tribunal Superior de Puerto Rico en la cual se planteara o se resolviera una cuestión constitucional sustancial, como la que se presenta en el caso de autos.

También teníamos facultad discrecional para expedir un auto de certificación para traer inmediatamente ante nos cualquier caso pendiente ante cualquier tribunal si la importancia pública del mismo justificaba una desviación del procedimiento ordinario y una adjudicación directa por el Tribunal Supremo, como también ocurre en el caso de autos.

Sin embargo, la nueva Ley de la Judicatura según enmendada en 1995, eliminó las dos vías procesales antes mencionadas y nos privó de la autoridad para considerar con la premura que el asunto requiere recursos como el de autos, por lo que estamos impedidos de intervenir en este momento en este caso. Estamos conscientes de la importancia del asunto que se nos ha planteado y de la urgente necesidad que existe de que se paute con plena y final autoridad cuál es el régimen legal que debe observarse en la grave situación que encara el país actualmente. Lamentablemente se nos ha privado de la autoridad para así hacerlo. No tenemos otra opción que cumplir con las leyes del país, por lo que no podemos entender ahora en este asunto. Muy mal ejemplo daríamos si obviáramos las restricciones legales que impiden nuestra intervención en este caso en este momento.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO